Harry E. Schirick, J.
This is an application in the nature of mandamus for an order directing the State Tax Commission to grant a hearing to the petitioner for revision of the additional franchise taxes assessed for the years 1947 to 1951 inclusive. Such hearing has been denied by the commission upon the ground that application for revision was not made within two years from the time petitioner’s accounts were audited and stated, as required by section 214 of the Tax Law.
The regulations promulgated pursuant to such statutory provision provide as follows: “.25 (Form of application.) An application for revision must be made on the form prescribed by the State Tax Commission (Form 7 CT) or by some written document containing substantially all the information called for by such form. If the application is not made originally on Form 7 CT, such form must be filled out, executed and filed, before the State Tax Commission will act on the application. Every application for revision must be signed on behalf of the taxpayer by a duly authorized representative.” (Article 610.25 of the Franchise Tax on Business Corporations Regulations.)
Petitioner concedes that it failed to file Form 7 CT prior to the expiration of the two-year period. It urges, however, first, that it had made application 1 ‘ by some written document containing substantially all the information called for by such form ” and second, that its failure to file Form 7 CT was due to its having been misled by certain statements and conduct on the part of representatives of the commission.
The second contention may be quickly disposed of. The record is barren of any evidence to indicate any deception, intentional or otherwise, on the part of the commission or its representatives. On the contrary, it establishes considerable solicitude to remind the petitioner to file for revision.
The problem remains whether the documents and correspondence which were addressed to the commission during the two- *927 year period suffice to preserve petitioner’s right to a hearing and subsequent judicial review of the assessments made against it. The issue is not without considerable complexity.
Form 7 CT is a short and simple document. It calls only for the following information: the name and address of the applicant ; that the applicant seeks revision of its franchise tax account; the date of the account; the tax year involved; the date of the filing of the corporation’s report; the grounds of error claimed and the amount thereof.
There is no question that the respondents had been supplied with all of the information called for by such form. Numerous letters and documents written both before and after the assessments were made informed the commission most specifically of the petitioner’s position, both as to the law and as to the facts. Petitioner’s position was presented also at a number of conferences called to consider the specific problem. Some of these conferences were held at the highest level of the department. The commission has definitely not suffered from any want of information which Form 7 CT would have elicited.
The respondents assert, however, that they were at no time given unequivocal written notice that revision was sought and application therefor prosecuted. They contend that the statute requires such unequivocal written notice to be filed within two years and that the proceeding is now barred.
That there was neglect on the part of the petitioner and its representatives can hardly be disputed. In many respects its procrastination is incomprehensible and inexcusable. It is the opinion of the court, nevertheless, that the commission had been advised long before the expiration of the statutory period, in writing and in terms which left no doubt of the petitioner’s intent, that an application was presented to it for revision.
Thus, petitioner’s letter of May 22, 1952 states: “ I have requested your office to furnish me with the necessary forms in order to make application for revision of these franchise taxes, although the alleged taxes have not been audited and stated as provided in Section 212 of the Tax Law” and on January 6, 1953 petitioner’s attorney wrote as follows: “ It is my opinion, and I have so advised my client, Dairymen’s League Cooperative Association, Inc., that the claim of the State Tax Commission for franchise taxes against Meridale Dairies, Inc., and/or Dairymen’s League Cooperative Association, Inc., for the period after said business was acquired by Dairymen’s League in 1946, is illegal and void. Under these circumstances, I appreciate your comments about paying the amount of the alleged tax plus interest in order to avoid the payment of further interest. In *928 view of the experience I have had in seeking refunds in the past from the State Tax Commission, I prefer at this time to prosecute our application for revision of tax without any payment whatsoever.”
In view of the many months of negotiation which had preceded and followed the assessments, the commission could hardly have considered such letters as mere expectations or expressions of intention. They indicated a determination to contest and review the assessments upon all the grounds previously expressed.
It is the conclusion of the court that the writings and documents filed by the petitioner within the two-year period contain substantially all of the information called for by Form 7 CT and constitute substantial compliance with the statute and the regulations.
The application is accordingly granted.